**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ERIC E. DETERS, | Case No. 1:23-cv-233 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| THE OFFICE OF THE OHIO DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF THE STATE OF OHIO, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

On April 26, 2023, Plaintiff Eric E. Deters paid the requisite filing fee and filed a new pro se lawsuit against the Office of the Ohio Disciplinary Counsel for the Supreme Court of the State of Ohio ("Disciplinary Counsel"), Joseph Caligiuri, Ohio Supreme Court Chief Justice Sharon L. Kennedy, the law firm of Dinsmore & Shohl, LLP, and multiple "John & Jane Does." (Doc. 1). On the same date, Plaintiff filed a "motion to quash." (Doc. 3).[1] Pursuant to local practice regarding pro se litigation, the non-dispositive motion has been referred to the undersigned.[2] For the reasons that follow, Plaintiff's motion to quash will be DENIED.

### I. The Subject Matter of the Motion to Quash

Plaintiff's motion seeks to "quash the subpoena served on David Drake and Loretta Little" that is referenced in his complaint. (Doc. 3 at 1, PageID 146). Although the motion

---

[1] Although Defendants have not filed a response to the motion; it does not appear that Plaintiff ever served them with a copy.
[2] Two recently filed motions to dismiss remain pending before the presiding district judge. (*See* Docs. 9, 10).

lacks clarity and fails to attach the referenced subpoena as an exhibit thereto, it generally asserts that a single subpoena[3] was issued by the Kentucky Supreme Court and/or the Board of Professional Conduct of the Supreme Court of Ohio in connection with some type of disciplinary investigation/proceeding that underlies Plaintiff's claims of civil conspiracy and tortious interference with contracts.[4]

The precise nature of the subpoena(s) is difficult to ascertain in part because it is not attached to Plaintiff's motion. However, based upon Plaintiff's general reference to his complaint, the Court understands Plaintiff to be referring to subpoenas issued to Mr. Drake and Ms. Little by the Board of Professional Conduct of the Supreme Court of Ohio and/or the Supreme Court of Kentucky. (*See* Doc. 1 at ¶¶70-71, citing Exhibits 8 and 10; *see also* Doc. 1-1 at PageID 49-52, 56-59). The motion states that the subpoena(s) seek the production of documents on April 27, 2023 – one day after the motion was filed in this Court.

**II.     Analysis**

As grounds for quashing the subpoena, Plaintiff cites to "Ohio Rule 45 and Kentucky Rule 3." (Doc. 3 at 1, PageID 146). However, the Federal Rules of Civil Procedure rather than state court rules apply in this Court. More specifically, Rule 45, Fed. R. Civ. P., governs the enforcement of a subpoena duces tecum issued in the course of discovery in a federal case.

Plaintiff's erroneous citation to inapplicable state court rules relates to a more fundamental misunderstanding about the jurisdiction of this federal Court. Typically, a

---

[3] Plaintiff refers to a single "subpoena" served on two individuals by different state authorities.
[4] Defendants assert in a motion to dismiss that, under Ohio law, they are not permitted to confirm or deny the existence of a disciplinary grievance or allegation filed in the absence of waiver or unless a probable cause determination has been made by the Board of Professional Conduct. (Doc. 9 at PageID 167).

party seeking to quash a subpoena would make the appropriate motion to the issuing court or administrative body. Although Rule 45 does provide a federal court with limited enforcement authority over a subpoena issued by a federal agency or in connection with discovery in a federal case, it does not confer unlimited jurisdiction upon this Court to quash a subpoena previously issued by one or more state courts *before* the commencement of Plaintiff's federal case.[5] In other words, this Court has no procedural authority to grant Plaintiff's motion under Ohio Rule 45, or Kentucky Rule 3, or Federal Rule of Civil Procedure 45, because this Court has not issued any subpoenas and discovery has yet to commence in this case.

### III.    Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** Plaintiff's motion to quash (Doc. 3) is **DENIED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5]Given that the subpoena(s) sought production on April 27, 2023, Plaintiff's motion is presumably moot.